UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LLOYD T. ELDER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00272-JPH-DLP |
| | ) | |
| DOBSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Lloyd Elder, an inmate at the Knox County Law Enforcement Center, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. This case was severed from a previous lawsuit filed by Mr. Elder. The claim proceeding in this case is Mr. Elder's claims against defendants Dobson, Ripley, and Parish. Mr. Elder was directed to notify the Court whether he wishes to pursue that claim in this case and has stated that he wishes to do so. Dkt. 8.

Because Mr. Elder is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Motion to Proceed *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis,* dkt. [2], is **GRANTED**. Although the plaintiff is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

## II. Screening of the Complaint

*A. Screening Standard*

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*B. Discussion*

In this case Mr. Elder alleges that, on March 13, 2020, while he was at the Knox County Law Enforcement Center, inmate Ripley assaulted him. He further contends that Sergeant Dobson refused to acknowledge the assault, and that Commander Parish was present during the assault, but did nothing.

Based on the screening standard set forth above, Mr. Elder's claim **shall proceed** against Commander Parish as a claim that Parish failed to protect Mr. Elder from assault in violation of his Fourteenth Amendment rights.

Mr. Elder's claim that Sergeant Dobson refused to acknowledge the assault is **dismissed**. Mr. Elder has not alleged that Sergeant Dobson knew the assault was going to take place. To state a failure-to-protect claim, a plaintiff must allege that jail officials "knew that he faced a substantial risk of serious harm and deliberately disregarded the risk" by failing to take reasonable measures to abate it. *Key v. Kolitwenzew*, 630 Fed. App'x 620, 623 (7th Cir. 2015) (citing *Estate of Miller v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012)). Because Mr. Elder has not alleged that Sergeant Dobson failed to prevent an assault, he has failed to state a claim against him.

Any claim against inmate Ripley must be **dismissed**. Mr. Elder states in his complaint that his claims are brought pursuant to federal law. Dkt. 1 p. 4. Thus, his claims are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Mr. Elder alleges that Ripley was a fellow inmate. Ripley was therefore not a person acting under color of state law and Mr. Elder cannot state a claim against him under § 1983.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 11, 2020,** in which to identify those claims.

### III. Conclusion and Service of Process

Mr. Elder's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**.

Mr. Elder's motion to pursue severed claims, dkt. [9], is **GRANTED**. The claims against Commander Parish shall proceed as identified in this Order. The **clerk shall terminate** Sergeant Dobson and Inmate Ripley as defendants.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 7/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LLOYD T. ELDER, SR.
KNOX COUNTY LAW ENFORCEMENT CENTER
2375 South Old Decker Road
Vincennes, IN 47591

Commander Parish
Knox County Law Enforcement Center
2375 South Old Decker Road
Vincennes, IN 47591