UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LLOYD T. ELDER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00272-JPH-DLP |
| | ) | |
| DOBSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Lloyd Elder, an inmate at the Knox County Jail, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he was assaulted by another inmate and defendant Sergeant Dobson failed to protect him from that assault. Sergeant Dobson has raised the affirmative defense that Mr. Elder failed to exhaust his available administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). For the following reasons the defendant's motion for summary judgment is granted.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Procedural Background

After Sergeant Dobson filed his motion for summary judgment, the Court granted Mr. Elder's motions seeking discovery and directed Sergeant Dobson to respond to Mr. Elder's discovery request related to the exhaustion defense. Dkt. 31. Mr. Elder then filed a motion to acknowledge court order regarding his discovery motions, dkt. 34, and the Court directed Sergeant Dobson to notify the Court that he had responded to all discovery requests related to the exhaustion defense, dkt. 35. Sergeant Dobson notified the Court on January 19, 2021, that all discovery had been mailed to Mr. Elder on December 17, 2020. Dkt. 36. Sergeant Dobson further noted that Mr. Elder had notified the Court on December 4, 2020, that he is refusing receipt of mail that has been opened or needs his signature. *Id.* (citing dkt. 32). The Court then gave Mr. Elder an extension of time to respond to the motion for summary judgment. Dkt. 38. Mr. Elder responded stating that he had not received the motion for summary judgment and asked to be sent another copy. Dkt. 39. The Court provided him with a copy and another extension of time to respond to the motion for summary judgment. Dkt. 43. Instead of responding to the motion for summary judgment as directed, Mr. Elder again asks Sergeant Dobson "to show … proof that all discovery was delivered…." Dkt. 44. He states that he feels that "Knox County is withholding vital[] evidence…." *Id.* But the defendant has affirmed that all discovery has been produced to Mr. Elder and indicated that he had refused at least some mail that had been sent to him. Dkt. 36. Further, the Court and the defendant have made clear to Mr. Elder his responsibility for responding to the motion for

summary judgment. Dkt. 29; 38; 43. And the Court gave Mr. Elder ample time to receive discovery and to respond to the motion. The motion is now fully briefed, and the Court will consider it as such.

### III. Facts

The Knox County Jail rules and guidelines indicate that grievances are filed via handheld devices and kiosks. Alternatively, inmates may file grievances by using a hard copy grievance form.

The inmate grievance process (the "Grievance Policy") is described as follows:

> 1. Combined Public Communications provides handheld devices and kiosks for inmate communication. The offender is given an option to place a "request" or a "grievance." The communication will go to an appropriate email and provide a time stamp of the date the communication was sent.
>
> 2. The Sergeant of the shift or his designee will check and respond to requests and grievances on a regular basis throughout the shift. The person checking the communications will evaluate and pass the information as needed. If the Sergeant checking the communication is involved, they are to immediately notify the next step up in the chain of command.
>
> 3. If the grievance or request cannot be satisfied, it will be forwarded to the Jail Commander for review. All communication addressed to the Jail Commander will be forwarded as such.
>
> 4. The process will be done in a timely manner.

Dkt. 28-1. Alternatively, according to alternate methods available for the grievance process:

> 1. An inmate can request a hard copy grievance form from any Sergeant.
>
> 2. The form will be filled out by the inmate, to include all fields such as signature.
>
> 3. As soon as the inmate completes the form, it is to be given to a jail Sergeant who is to record the date and time of collection and sign the form.

*Id.*

During his time at the Knox County Jail, Mr. Elder filed numerous requests and grievances. Dkt. 28-2. But the Knox County Jail has no record that Mr. Elder filed a grievance regarding his allegation that Sergeant Dobson failed to protect him from assault. *See id*.

### III. Discussion

Sergeant Dobson seeks summary judgment arguing that that Mr. Elder failed to exhaust his available administrative remedies before filing this lawsuit as required by the PLRA.

**A. PLRA Requirements**

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

**B. Discussion**

Sergeant Dobson has met his burden to show that Mr. Elder failed to exhaust his available administrative remedies. The Jail has no documentation that Mr. Elder submitted a grievance either on the kiosk or on a grievance form as dictated by the Grievance Policy.

In response to the motion for summary judgment, Mr. Elder has submitted statements from inmates stating that the kiosk is not always available, that a grievance can be done over intercom or body cam, that it can take several days to receive a grievance form, and that grievances are not always answered. *See* dkt. 33-1. But this does not contradict the government's evidence, *see* dkt. 28, that the grievance process is "capable of use," *see Ramirez v. Young*, 906 F.3d 530, 535 (7th Cir. 2018). The undisputed evidence shows that the Jail has a written grievance process that requires grievances to be submitted by kiosk or on a written grievance form, dkt. 28-1, and that Mr. Elder has not followed this process for this incident, *see Ford*, 362 F.3d at 397. Mr. Elder does not state that he asked for a grievance form regarding his claims in this case and was refused one.[1] And Mr. Elder successfully submitted requests and grievances on other matters. *See* dkt. 28-2. Moreover, even if not all grievances are answered, the exhaustion requirement is not subject to a futility exception. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Mr. Elder therefore has not presented evidence that he submitted a grievance regarding his claim in this case or that the grievance process was unavailable to him.

---

[1] While Mr. Elder asserts his belief that the defendant has not provided him with discovery, the defendant has affirmed that all discovery was mailed to him. Further, at the summary judgment stage, Mr. Elder could have provided his own testimony regarding the availability of the grievance process. Having failed to do so, he has failed to rebut the evidence presented by Officer Jackson.

5

## IV. Conclusion

For the foregoing reasons, Sergeant Dobson's motion for summary judgment, dkt. [27], is **granted**. Judgment dismissing this action without prejudice shall now issue. *Ford*, 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice").

**SO ORDERED.**

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LLOYD T. ELDER, SR.
24 S. State Street
Sullivan, IN 47882

All Electronically Registered Counsel